Lewis *et al. v.* Godman.

## No. 14,803.

## LEWIS ET AL. *v.* GODMAN.

PRACTICE.—*Refusal to Strike Out Pleading.*—*Not Available Error.*—No available error can be predicated on the ruling of the circuit court in refusing to strike out part of a pleading.

BILL OF EXCEPTIONS.—*Exceptions to Master's Report.*—Exceptions to a master's report can not be brought into the bill of exceptions by a "here insert," but they must be copied into the bill.

MASTER COMMISSIONER. —*Admission of Improper Evidence.—Report.—Rejection of.*—The entire report of a master commissioner will not be rejected because the commissioner admitted some improper evidence on the hearing of the cause, as the report is only advisory to the court, which may reject the conclusions reached by the master, and from the legitimate evidence in the cause state conclusions of its own.

SAME.—*New Trial.*—The action of the master in admitting illegal evidence can not be assigned as a reason for a new trial.

From the Benton Circuit Court.

*U. Z. Wiley,* for appellants.

*W. D. Wallace* and *S. P. Baird,* for appellee.

COFFEY, J.—The appellants and the appellee were grain merchants, engaged in buying and shipping grain, the former doing business at Ambia and Talbot, Indiana, and the latter at Lafayette, Indiana. For several years prior to the commencement of this suit the appellants had been buying and shipping large quantities of grain to the appellee, who was a large dealer, and shipped to the eastern and seaboard markets. This action was brought in the Benton Circuit Court by the appellee against the appellants to recover upon the matters set up in the complaint growing out of said business. The complaint is in two paragraphs.

The first paragraph of the complaint alleges, among other things, that from the year 1880 to the year 1884 the appellee purchased of the appellants a large number of car loads of corn, wheat, oats and other grain to be shipped to the eastern markets; that in each case the appellants guaranteed that said grain should hold out and correspond, at its desti-

nation, in grade, quantity and quality with the grade, quantity and quality reported by the appellants to the appellee at the time of shipment; that said grain, at its destination, did not hold out and correspond in grade, quantity and quality, but fell short of the reports of the appellants to the appellee. A bill of particulars is filed with this paragraph setting forth in detail the quantity each car was short of the amount reported by the appellants. .

The second paragraph is based upon an alleged verbal contract for the sale of a quantity of corn by the appellants to the appellee, alleging that the appellants failed and refused. to deliver the corn sold, to the damage of the appellee.

The appellants moved the court to strike out part of the bill of particulars filed with the first paragraph of the complaint, but their motion was overruled.

Upon the issues formed, the cause was, by agreement of the parties, referred to Andrew Hall, Esq., as special master to take the evidence and make a finding of the facts in the case, and to state the accounts between the parties. It was ordered that his report should contain all the evidence given in the cause, together with all objections and exceptions made or taken by either party, and, also, his finding of facts and a statement of the accounts between the parties.

The master filed his report in the Benton Circuit Court, showing a balance due to the appellee from the appellants, upon which the court rendered judgment.

The first question presented by the assignment of error relates to the action of the circuit court in overruling the motion of the appellants to strike out part of the bill of particulars filed with the first paragraph of the complaint.

No available error can be predicated on the ruling of the circuit court in refusing to strike out part of a pleading. *Owen* v. *Phillips,* 73 Ind. 284; *Lowry* v. *McAlister,* 86 Ind. 543; *Lake Erie, etc., R. W. Co.* v. *Kinsey,* 87 Ind. 514; *Hope* v. *Applegate,* 92 Ind. 570; *City of Crawfordsville* v.

*Boots,* 76 Ind. 32; *Keesling* v. *Watson,* 91 Ind. 578; *McFall* v. *Howe, etc., Co.,* 90 Ind. 148; *Losey* v. *Bond,* 94 Ind. 67; *Main* v. *Ginthert,* 92 Ind. 180; *Morris* v. *Stern,* 80 Ind. 227.

There is in the record, copied by the clerk, what purports to be exceptions filed by the appellants to the report of the master commissioner, but such exceptions are not embraced in a bill of exceptions. The bill of exceptions filed by the appellants, so far as it relates to this matter, is as follows: " Be it remembered that on the 6th day of December, 1888, it being the sixteenth judicial day of the November term of said court, the following proceedings were had in said cause before the Hon. Peter H. Ward, sole judge of said court. The court overruled the defendants' exceptions to the master's report heretofore filed in said cause, which exceptions heretofore filed read as follows (here insert), to which ruling of the court the defendants at the time jointly and severally excepted."

The exceptions to the report of the master commissioner are not set out in or copied into the bill of exceptions, and we have no means of knowing whether what purports to be the exceptions, copied by the clerk, is the paper which should fill the blank in the bill, or whether it is a different paper. *Kesler* v. *Myers,* 41 Ind. 543; *Board, etc.,* v. *Karp,* 90 Ind. 236; *Cottrell* v. *Ætna Life Ins. Co.,* 97 Ind. 311; *Blizzard* v. *Riley,* 83 Ind. 300; *Kimball* v. *Loomis,* 62 Ind. 201.

Exceptions to the report of a master do not constitute a part of the record unless made so by a proper bill of exceptions. *Hauser* v. *Roth,* 37 Ind. 89.

The exceptions to the report of the master commissioner, filed by the defendants, not having been brought into the record by the necessary bill of exceptions, can not properly be considered by us. But treating the paper copied by the clerk as the exceptions filed by appellants to the report of the master, we think there was no error in overruling the same.

The exceptions, assuming such paper to be such, sought to

reject the entire report, on the ground that the master commissioner had admitted improper evidence on the hearing of the cause. Such report could be rejected for this reason only upon the ground that the court was bound by the conclusion of facts stated by the commissioner, whereas the report was only advisory to the court, and it was at perfect liberty to reject the conclusions reached by the master, and from the legitimate evidence in the cause, state conclusions of its own. *Bremmerman* v. *Jennings,* 101 Ind. 253.

Had the appellants sought by their exceptions to eliminate from the record the improper evidence admitted by the master, and sought an adjudication of the case upon the legitimate evidence, a different question would have been presented, but as they sought to reject the entire report on the ground that the master admitted and reported illegal evidence, there was no error in overruling such exceptions.

It was assigned as a reason for a new trial that the master commissioner erred in admitting illegal evidence on the hearing of the cause.

This is not one of the statutory causes for a new trial. The evidence in the cause was reported to the court, and it was its duty to consider the same, and either adopt such conclusions as were reached by the master, or find conclusions of its own, as the evidence required. No question as to the action of the master in the admission of evidence can be presented to this court without an opportunity afforded to the circuit court to correct the error, if any exists, in the admission of such evidence. Following the proper effort in the circuit court to correct such error, and a refusal of the court to grant the proper relief, the action of the court would be subject to review here, but the action of the master in admitting evidence on the hearing of the cause before him can not be assigned as a reason for a new trial, because, as we have seen, where the order of reference requires him to report the evidence, the cause is ultimately tried by the court, and not by the master commissioner.

It is also urged by the appellants that the finding of the master in relation to a set-off pleaded by them against the appellee is not sustained by the evidence, but it is conceded that the evidence in relation to the matters set up in this plea is conflicting. Where the evidence is conflicting, this court will not disturb the finding of the trial court.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed May 15, 1891; petition for a rehearing overruled Oct. 16, 1891.