Hutchings *et al. v.* Hay.

Filed Oct. 8, 1892.

———————◆———————

No. 15,905.

## Hutchings et al. *v.* Hay.

Practice.—*Appeal to Supreme Court.—Amended Pleading.—Omitted From Record.—Demurrer to Complaint as a Whole.*—Where a complaint was filed in two paragraphs, and afterwards the second paragraph was amended, and the record contains said paragraph as originally filed but not as amended, a judgment overruling a demurrer, which alleged that the complaint failed to state a good cause of action will not be reversed even if the first paragraph of the complaint was bad, as such an assignment of error can only be made against the complaint as a whole.

Same.—*Evidence*—The amended paragraph of complaint not being in the record, a question relating to the evidence sought to be presented by the motion for a new trial can not be considered.

From the Floyd Circuit Court.

*J. K. Marsh,* for appellants.

*M. Z. Hammond,* for appellee.

Olds, J.—The record in this case is not such as to present for our decision the questions discussed by counsel for the appellant. Errors are assigned and discussed on the rulings of the court in overruling the demurrers to the first and second paragraphs of complaint, and that neither of said paragraphs states facts sufficient to constitute a cause of action; also on the ruling of the court in overruling the appellants' motion for a new trial. There appear in the record copies of two paragraphs of complaint, the first filed and

a demurrer addressed to it; afterwards a second filed, and without a ruling on the demurrer to the first, an answer in denial is filed to both paragraphs. The record further shows that afterwards by leave of the court the appellee amended his second paragraph of the complaint by interlineations, and a demurrer was filed to it and a ruling overruling the demurrers is thus shown, and answers are filed to the second paragraph of the complaint, a reply in denial filed to the second paragraph of the answer, and a trial is had, a motion for a new trial is filed by appellants and overruled.

The record does not purport to set out the second paragraph of the complaint as amended, but it purports to set out the paragraph as originally filed; but it is nowhere shown that the paragraph as copied into the record contains the matter inserted into such paragraph by interlineations, and on the contrary, as appears by the record, the paragraph as inserted in the record is the paragraph as originally filed and not as amended. As the record is, no question is presented.

The first paragraph of the complaint is to quiet title. It is apparent that the judgment is not upon the first paragraph, but upon a paragraph for specific performance of contract.

The second paragraph of complaint not being in the record, the judgment must stand, even if the first paragraph is bad. An assignment of error that the complaint does not state facts sufficient to constitute a cause of action can only be made against the complaint as a whole. *Louisville, etc., R. W. Co.* v. *Peck,* 99 Ind. 68 ; Elliott's Appellate Procedure, section 474.

The second paragraph of the complaint as amended not being in the record we can not consider the question discussed relating to the evidence sought to be presented by the motion for a new trial.

Judgment affirmed, with costs.

Filed October 8, 1892.