Deweese *et al. v.* Hutton *et al.*

Filed March 3, 1896.

---

No. 17,741.

DEWEESE ET AL. *v.* HUTTON ET AL.

APPELLATE PROCEDURE.—*Judgment.—Presumption.*— A judgment general in form will be presumed on appeal to have been rendered on an unobjectionable paragraph of a complaint containing two or more, if any of them was good.

SAME.—*Surplusage, Motion to Strike Out.*—The overruling of a motion to strike out parts of a pleading, consisting of mere surplusage, is not available error.

INJUNCTION.—*Repair of Bridge.—Illegal Contract.*—One who has contracted with the board of county commissioners for the repair of a specified bridge may be joined with such commissioners in an action to restrain the performance of the contract on the ground that it is illegal.

SAME.—*Illegal Contract.—Bond for Faithful Execution.—Repair of Bridge.*—The giving of a bond for the faithful execution of a contract with the board of county commissioners for repairing a bridge will not prevent an action to restrain the performance of such contract on the ground that it was unlawful.

BRIDGES.—*Repair.—Notice.—Bids.—Statute Construed.*—The provisions of sections 3278–3280, R. S. 1894, requiring notice and competitive bidding where the construction or repair of a bridge is entrusted to a superintendent, and authorizing but not requiring such an appointment to be made, does not apply where no superintendent is appointed.

SAME.—*Contract for Repairs.—Ultra Vires.*—A contract by the board of commissioners of a given county for repairs upon a bridge, for which no estimate has been made or directed, is *ultra vires* and void under sections 3275–3277, R. S. 1894, making bridge repairs primarily a charge on the road district in which the bridge is situated, and authorizing such board to appropriate such public money for the repairs only where the "estimate" therefor exceeds the ability of the road district to perform by applying its ordinary road work and tax.

HARMLESS ERROR.—*Denying Motion to Dissolve Restraining Order.*—Error, if any, in denying a motion to dissolve a restraining order, is harmless where the injunction is made perpetual on a general hearing.

From the Fulton Circuit Court.

*M. A. Baker, M. L. Essicks,* for board of commissioners, and *Conner, Rawley & McMahan* and *J. H. Bibler,* for appellant Godman.

*Holman & Stephenson* and *E. Myers,* for appellees.

HACKNEY, C. J.—The appellants, Deweese, Dudgeon and Lovatt, as the board of commissioners of Fulton county, and Godman, a contractor with said board for the repairs of a certain bridge in said county, were sued by the appellees, tax payers of said county, to restrain the performance of a contract.

There were two paragraphs of complaint which are here questioned for the first time. It is only where the complaint, as an entirety is bad, that its sufficiency

can be questioned for the first time in this court. *Ashton* v. *Shepherd,* 120 Ind. 69; *Branch* v. *Faust,* 115 Ind. 464; *Ludlow, Guard.,* v. *Ludlow,* 109 Ind. 199; *Hutchings* v. *Hay,* 132 Ind. 369.

The second paragraph, in our opinion, was sufficient. It alleged the execution of a contract between Godman and the members of the board for repairs upon a bridge, in which contract the board obligated the county to pay Godman the cost thereof, to-wit: $5,500; that no action was taken by the board to determine that public convenience required the proposed repairs; that no survey or estimate for said repairs was ever made or directed; that the contract was let to Godman without competition and at an excess over the real cost of the repairs of $4,000, and there were other allegations as to the failure to appoint a superintendent, give notice for bids, etc. Primarily bridge repairs are to be made by the road district in which the bridge is situated, and the authority of the board of county commissioners to appropriate public moneys for such repairs is limited to those cases where the estimate for such repairs "shall exceed the ability of the road district * * by the application of its ordinary road work and tax." R. S. 1894, sections 3275, 3276, 3277, 3282 (R. S. 1881, sections 2885, 2886, 2887, 2892); *Board, etc.,* v. *Allman, Admr.,* 142 Ind. 573; *Driftwood, etc., Co.* v. *Board, etc.,* 72 Ind. 226.

In section 3275, *supra,* it is provided that "Whenever, in the opinion of the county commissioners, the public convenience shall require that a bridge should be repaired or built over any watercourse, they shall cause survey and estimate therefor to be made, and direct the same to be erected." By section 3276, *supra,* it is provided further that "If the estimate therefor shall exceed the ability of the road district

in which such bridge is to be built, by the applica-
tion of its ordinary road work and tax to perform, the
county commissioners may make an appropriation
from the county treasury to build or repair the same."
In *Driftwood, etc., Co.* v. *Board, etc., supra*, it was said of
these sections: "By the first section of the act above
set out, when a bridge is to be repaired or built, the
commissioners are to 'cause surveys and estimates
therefor to be made, and direct the same to be
erected.' Why were surveys and estimates to be
made? The second section answers this question. It
is because the appropriation from the treasury de-
pends upon the question whether the estimate ex-
ceeds the ability of the road district, by the applica-
tion to the work of the ordinary road work and the
tax of the district. It was not contemplated that the
expense should be borne by the county treasury, ex-
cept the excess beyond the ability of the road district."
In the *Board, etc.*, v. *Allman, Admr., supra*, it was said
of the sections of the statute above cited: "It certainly
cannot be claimed that, under these sections, the
board of commissioners have general power to make
appropriations of public funds for the repair of
bridges. Such appropriations can only be made in
certain cases, and upon certain contingencies." One
of such contingencies the court gave as follows: "The
board can in no case pay for repairs out of the county
treasury, unless the road district first applies its ordi-
nary road work and tax in making the repairs. Then
the board may, if it deem the bridge of sufficient im-
portance, pay the residue out of the county treasury."
It appears, therefore, from the allegations of the com-
plaint that the appellants were not in the exercise of
this special and limited power, but were acting upon
the assumption of a general power to appropriate for
the repair of bridges. The error of the board was not

a mere irregularity, but was the assumption of a power not possessed, and its act was void.

In argument, counsel place much stress upon the fact that no notice for the receipt of bids was given and competition permitted. It is to be regretted that a board would award a contract for a work so extensive and valuable without estimates and competition, and it is to be regretted that no statute requires such competition. The importance of the requirement will not, however, warrant the holding that sections 3278, 3279 and 3280, R. S. 1881, supply the requirement. Those sections permit the appointment of a superintendent of construction and, where the work is entrusted to him, notice and competitive bidding are required. They have no application where a superintendent is not appointed, and probably none where repairs only are to be made. Nor is an appointment imperative. *State, ex rel.*, v. *Board, etc.*, 125 Ind. 247.

It is suggested by the appellant, Godman, that the cause of action pleaded is not good as against him, even if good as to the board. He and the commissioners have, by the contract, assumed mutual obligations, and it is by the joint acts of the board and said Godman that the appropriation is to be made from the treasury. We observe no good reason for assuming that all parties to the contract may not be enjoined in one suit.

It is never available error to overrule a motion to strike out parts of a pleading consisting of a mere surplusage. *Owen* v. *Phillips*, 73 Ind. 284; *Lewis* v. *Godman*, 129 Ind. 359.

It was harmless, therefore, to overrule the motion of appellants to strike out a copy of the contract in question, which was filed as an exhibit with the complaint.

It is certainly an error to suppose, as counsel seem

to assert, that the bond of Godman for the faithful execution of the contract supplies to the appellees such a remedy at law as would preclude the enforcement of equitable remedies against the execution of the contract. The measure of liability upon the bond does not secure the tax payer against an unauthorized expenditure of public moneys. It secures the terms of the contract on behalf of Godman, nothing more.

The separate answer of Godman set up the contract between himself and the board and alleged the execution of a bond, with approved sureties, for faithful performance of the contract.

To this answer the court below sustained the demurrer of the appellees. This ruling presents practically the same question arising upon the complaint, namely, the power of the board to execute it, and what we have said of the complaint applies against the answer.

The appellants complain of the action of the trial court in denying their motion to dissolve the restraining order and in refusing to entertain certain affidavits in support of the motion. None of the affidavits went to the power of the board to execute the contract, and could not have done so without disclosing action by the board in the way of causing survey and estimate and contracting for an expenditure in addition to the road work and tax of the district. Besides, there was a general hearing upon the issue tendered by the complaint, and the injunction was made perpetual. If that action was correct the appellants could not have been harmed by the intermediate error, if there was such error.

Upon the question of the sufficiency of the complaint and of the answer, counsel for the appellants insist that a collateral attack upon the action of the board was not allowable, since, as claimed, the board

had jurisdiction of the general subject; that it exercised a discretion entrusted to it by the statute, and that though an error in judgment may have resulted in an unwise or improvident contract, the courts may not interfere with that action. There is no question of the rule to which counsel refer, but our only doubt is as to its application in the present case.

In the matter of the agreed price for the repairs, unless it appeared that the parties acted fraudulently, there could probably be no relief in collateral proceedings, since that would involve a question of judgment certainly entrusted to the board, in such cases as the board might act. So with reference to the condition of the bridge and the necessity for repairs. But, as we have seen, the first question that confronts us is as to whether a contingency existed in which the board possessed the power to act, in the exercise of its judgment and discretion. By the cases of *Driftwood, etc., Co.* v. *Board, etc., supra,* and *Board, etc.,* v. *Allman, supra,* it was held that there was no power to act, excepting to supplement the ordinary road work and tax of the road district in making such repairs.

It is a familiar rule and the undoubted policy of the law to require of such corporations a strict observance of their powers. It would be a very liberal construction of these statutes which would sanction a contract, and an appropriation of public moneys thereunder, upon the theory that general power existed to assume, primarily, the obligation to repair bridges when the statutes have conferred special power to be exercised upon a particular contingency. Where power is not given expressly or by fair implication from some express grant, it does not exist, and its exercise is *ultra vires.* 15 Am. and Eng. Ency. of Law, p. 1039; *Kyle* v. *Malin,* 8 Ind. 34; *City of Indian-*

*apolis* v. *Indianapolis, etc., Co.*, 66 Ind. 396; *Smith* v. *City of Madison*, 7 Ind. 86; *City of Lafayette* v. *Cox*, 5 Ind. 38.

There being no available error in the record, the judgment of the circuit court is affirmed.

Filed March 3, 1896.