South Bend Chilled Plow Co. vs. George C. Cribb Co.

SOUTH BEND CHILLED PLOW COMPANY and others, Respondents, vs. GEORGE C. CRIBB COMPANY and others, imp., Appellants.

*September 29 — October 22, 1897.*

*Pleading: Construction of complaint against corporation and officers: Insolvency: Preferences among creditors: Trusts.*

1. A complaint which alleges all the necessary facts to state the cause of action claimed by the plaintiff to be the one intended by him should, in view of the statutory rule for the liberal construction of pleadings, be construed as stating that cause of action, though, by the unnecessary statement of mere historical facts connected with that cause, it might be held to state, or attempt to state, a different cause of action.

2. A complaint which alleges in substance that the directors and trustee of a corporation, organized by the plaintiffs and other creditors of an insolvent for the purpose of applying his assets to the payment to such creditors of seventy per cent. of their claims and the carrying on of the business, had failed to pay the greater portion of such claims, and had not equally applied said assets thereto, but had mismanaged the business, and wasted away, misapplied, and converted said assets to their own use, and had allowed one of their number to draw out a large sum without consideration, for her own use, and that said corporation had, for the purpose of putting its assets beyond the reach of creditors of such insolvent, transferred all the assets to a new corporation, without the consent of the plaintiffs,— is *held* to state a case entitling the plaintiffs to relief under sec. 3237, R. S., which gives to the court jurisdiction to compel the officers of a corporation to account for their conduct in the disposition of the property committed to their charge, and to set aside unlawful alienations of property made by them.

3. The mere fact that a corporation is insolvent does not, so long as it is a going concern, affect its right, in good faith, to pay one of its general creditors in preference to another.

4. It is no objection to preferences given by a solvent corporation to some of its creditors that they are directors of such corporation.

5. One who merely held the stock of the corporation in trust for its creditors, and is not shown to have received any of its property, is not liable for the directors' mismanagement.

South Bend Chilled Plow Co. vs. George C. Cribb Co.

APPEALS from orders of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed on the appeals of Miles and the Racine Wagon & Carriage Co.; affirmed on those of the other defendants.*

The allegations of the complaint, aside from such as refer to the capacity in which the parties appear, are in substance as follows:

On the 28th day of August, 1893, plaintiffs were creditors of George C. Cribb. On that day said George C. Cribb made a voluntary assignment for the benefit of his creditors under the laws of this state. Thereafter creditors, including plaintiffs, representing over ninety per cent. of the indebtedness of the assignor, entered into a contract with such assignor to the effect that a corporation should be organized under the laws of this state; that its corporate name should be the *George C. Cribb Company;* that all the property held by the assignee should be conveyed to such corporation; that the corporation should pay to such creditors, as consideration for such transfer, seventy per cent. of their respective claims in eight equal instalments, represented by the notes of the corporation, due in five, eight, ten, twelve, fourteen, sixteen, eighteen, and twenty months from the date of the consummation of the agreement; that two persons nominated by the creditors, two by George C. Cribb, and George C. Cribb, should constitute the board of directors to manage the affairs of the corporation; that the creditors should nominate one of their number to act as trustee; and that he should hold all the stock of the corporation, except sufficient to qualify the directors, as collateral to the aforesaid notes. Such proceedings were thereafter had that such agreement was carried out by the formation of a corporation, the transfer of the property held by the assignee to it, the election of a board of directors, the giving of notes to the creditors, the appointment of a trustee and deposit with him of the stock of the corporation, in all respects as provided in the agree-

ment. E. C. Conklin, of the defendant *Racine Wagon Company*, one of the creditors, and G. A. Matthews, of the Fulton Buggy Company, also one of the creditors, were elected directors at the suggestion of the creditors. *H. E. Miles*, of said *Racine Wagon & Carriage Company*, was elected as trustee to hold the corporation stock.

The first of the notes given to the creditors was paid. Default was made upon all the other notes. Instead of applying the assets of the corporation equally to the payment of the notes given to the creditors, the officers of the corporation applied such assets unequally. They purchased large numbers of the notes and gave receipts discharging the corporation, but kept the notes outstanding as unpaid claims against the corporation for the full amount. The directors of the corporation, consisting of E. C. Conklin, G. A. Matthews, Robert Moscrip, *John S. Blakney* and *Margaret A. Cribb*, and the trustee aforesaid, *H. E. Miles*, out of the assets of the corporation, paid to the *Racine Wagon Company* $20,000 in money, and the Hoover & Allison Company $1,000, which was greatly in excess of their proportion of the assets applicable to the payment of the composition notes held by such creditor. Such sums were so paid by preferring the *Racine Wagon Company* and the Hoover & Allison Company over other creditors of the corporation. Such directors and trustee also allowed *Margaret A. Cribb* to withdraw from the corporation, without consideration, $10,000. Together with the above sums paid out and withdrawn from the corporation, the said directors and trustee misappropriated and wasted the assets of the corporation to the amount of $45,000. December 21, 1894, the corporation, defendant Cribb Implement & Vehicle Company, was organized. In consideration of $1 all the then assets of the *George C. Cribb Company* were conveyed to the new corporation. Later the name of the new corporation was changed to the *Cribb Carriage Company*. No capital was put into

the new company; it was really the old company under a
new name, and was formed, and the transfer aforesaid made,
for the purpose of placing the assets of the old company be-
yond the reach of its creditors.    Plaintiffs did not know of
the formation of the new company or consent to any of the
proceedings aforesaid.

There is due to the plaintiffs from the old corporation,
upon the composition notes received under the aforesaid con-
tract, about $10,000.    This action is brought by plaintiffs
in their own behalf and in behalf of all others similarly sit-
uated, to compel the officers of the corporation and the
trustee to account for the property intrusted to their care,
and to account for their official conduct; also for a receiver
of the corporation; also to compel the defendants, who have
fraudulently received property of the corporation, to ac-
count therefor.

Defendants *George C. Cribb Company, Cribb Carriage
Company, Racine Wagon & Carriage Company, H. E. Miles,
Margaret A. Cribb,* and *John S. Blakney* separately de-
murred to the complaint; and each such defendant, for a
ground of demurrer, alleged that the complaint did not state
facts sufficient to constitute a cause of action against such
defendant.    The demurrers were all overruled, and separate
appeals were taken by such defendants.

For the appellants there was a brief by *Winkler, Flanders,
Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

For the respondents there was a brief by *E. M. McVicker*
and *A. G. Weissert,* attorneys, and *W. J. Turner,* of counsel,
and oral argument by *Mr. Turner.*


MARSHALL, J.   It is claimed on the part of the appellants
that the intention of the pleader was to state a cause of ac-
tion to enforce a trust created by the agreement made be-
tween the creditors of George C. Cribb and George C. Cribb,
whereby the property held by the latter's assignee was

turned over to the *George C. Cribb Company*, and such cred-itors took, in lieu of their claim against the assignor, the notes of the corporation for seventy per cent. of such claims. There is much in the complaint to sustain that view. Re-spondents claim, however, that the purpose of the complaint was to state facts entitling them to relief under sec. 3237, R. S., which provides that "the circuit court shall have juris-diction over directors, managers, trustees, and other officers of corporations: 1. To compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge. 2. To order and compel payment by them to the corporation whom they represent and to its creditors of all sums of money and of the value of all property which they may have acquired to themselves or transferred to others, or may have lost or wasted by any violation of their duties as such directors, managers, trustees or other officers. . . . 7. To set aside all alienations of property made by the directors, trustees or other officers of any corporation contrary to the provisions of law, or for purposes foreign to the lawful business and objects of such corporation, in cases where the person re-ceiving such alienation knew the purposes for which it was made." After a careful scrutiny of the complaint in the light of the statutory rule (sec. 2668, R. S.) that in the con-struction of a pleading, for the purpose of determining its effect, its allegations should be liberally construed in favor of the pleader, and every reasonable intendment be made in favor of the pleading (*Miller v. Bayer*, 94 Wis. 123), we are able to come to the conclusion that the purpose of the com-plaint was to state a case for a redress of wrongs to creditors of the corporation, as respondents claim. In one view of the complaint that is plainly within its scope, and its purpose in that respect may stand, notwithstanding there are many allegations introduced as mere matter of history or induce-ment, leading up to, and in connection with, the facts which

constitute the cause of action. Such allegations of historical matter are, at least, not a necessary part of the complaint. The rule stated in *Miller v. Bayer* applies: When the general scope of a complaint is apparent, and the language used will admit of a construction consistent therewith, such construction should be adopted, notwithstanding allegations introduced by way of giving a history of the case, which, when viewed apart from its evident purpose, may be held to state, or attempt to state, a different cause of action.

The complaint shows, by appropriate allegations, that plaintiffs were creditors of the corporation; that defendants E. C. Conklin, G. A. Matthews, Robert Moscrip, *John S. Blakney*, and *Margaret A. Cribb*, the directors of the company, while it was largely indebted, conveyed all its property, without consideration, to another corporation organized December 21, 1894, under the name of the Cribb Implement & Vehicle Company; that the name of such new corporation was soon thereafter changed to *Cribb Carriage Company;* that there was no actual capital put into the new company; and that it was organized, and the transfer of the property of the *George C. Cribb Company* made to it, in furtherance of a scheme on the part of such officers to continue the old business under a new name and put the property of the old corporation beyond the reach of its creditors; that after the new corporation was formed, *Margaret A. Cribb* was permitted, without consideration, to withdraw and convert to her own use $10,000 worth of the assets of the company. There are other allegations, but those above referred to sufficiently show a case calling for relief at the suit of the creditors, for official misconduct in handling corporate property, and to rescind the alienation of corporate property to *Margaret A. Cribb*, and to the *Cribb Carriage Company.* All the requisites of the statute are fully covered by appropriate allegations of facts, mixed up, however, it must be admitted, with many allegations regarding the trustee, *H. E. Miles,*

the *Racine Wagon & Carriage Company*, and the Hoover & Allison Company, and other matters that are entirely foreign to the cause of action stated.

The foregoing covers only the demurrers interposed by the officers of the *George C. Cribb Company* and its successor, and such corporations. As to the *Racine Wagon & Carriage Company*, we are unable to find any allegation that connects it with the cause of action referred to. When the property was turned over by the assignee of George C. Cribb to the *George C. Cribb Company*, and notes were given by such company to the creditors of George C. Cribb, such creditors did not reserve any lien on such property. They became mere general creditors of the corporation, having no greater rights than subsequent creditors obtained. Whatever was done by the corporation in regard to paying particular creditors in preference to others constituted no wrong to such other creditors for which they can seek redress in either a court of law or equity, either against the corporation or such fortunate creditors. Even if the corporation were insolvent at the time the preference was made, that fact alone, so long as it was yet a going corporation, did not affect its right in good faith to pay one creditor in preference to another. But insolvency is not alleged, so no reason appears why the preferences were not properly made, even though the fortunate creditors were represented on the board of directors of the debtor corporation, and were personally interested in obtaining the preferences. *Hinz v. Van Dusen*, 95 Wis. 503; *Ballin v. Merchants' Exch. Bank*, 89 Wis. 278; *Ford v. Hill*, 92 Wis. 188. As we understand the complaint, all the payments made to the *Racine Wagon & Carriage Company* and the Hoover & Allison Company were made to apply on the notes held by such creditors, and were not in excess of the amount due upon such notes. If, in obtaining such payment, there was any breach of the agreement existing between the creditors under the contract made prior to

the formation of the corporation, that is a matter entirely foreign to this action.

There is no allegation in the complaint to in any way connect *H. E. Miles* with any wrong to the corporation. He was not one of its officers. He merely held the stock in trust for creditors. He owed the corporation no duty, and is not shown to have received any of its property. He has, therefore, nothing to account for, either in regard to official conduct or otherwise.

*By the Court.*— On the appeal of the *George C. Cribb Company*, the order of the circuit court is affirmed; on the appeal of defendant *Margaret A. Cribb*, same order; on the appeal of the defendant *John S. Blakney*, same order; on the appeal of the *Cribb Carriage Company*, same order; on the appeal of the *Racine Wagon & Carriage Company*, the order of the circuit court is reversed; on the appeal of defendant *H. E. Miles*, same order. The cause is remanded for further proceedings according to law.