## EAGLE LAKE ICE COMPANY *v.* MUNSON.

[No. 10,408.   Filed June 23, 1920.]

1. APPEAL.—*Review.*—*Overruling Motion to Strike Out Parts of Complaint.*—It is not reversible error to overrule a motion to strike out parts of a complaint.   p. 498.

2. PLEADING.—*Motion to Strike Out.*—*Requisites.*—*Statutes.*— A motion to strike matter from a complaint which merely refers to such matter by page and line of the complaint fails to comply with §662 Burns 1914, Acts 1903 p. 338, requiring that such a motion shall set out the matter sought to be stricken out.   p. 498.

3. SALES.— *Breach of Sales Contract.*— *Action.*— *Complaint.*— *Sufficiency.*—In an action by a retail ice dealer against a wholesaler for breach of contract to deliver ice by reason of failure to make delivery to plaintiff at an hour which would permit him to make deliveries to his customers in the early morning pursuant to custom, complaint *held* sufficient as against demurrer.   p. 499.

4. APPEAL.—*Review.*—*Waiver of Error.*—*Grounds for New Trial.*—Grounds for new trial which are not presented on appeal are waived.   p. 499.

5. SALES.—*Breach of Sales Contract.*—*Damages.*—*Recovery for Loss of Profits.*—*Evidence.*—In an action by a retail ice dealer against a wholesaler for failure to deliver ice to plaintiff according to contract, plaintiff could not recover damages to compensate him for profits he would have earned from customers whose trade he claimed to have lost because of inability to deliver ice promptly, such delay being alleged to be due to defendant's refusal to make its delivery at the hour contemplated by the contract, since, in the absence of evidence of a contract with such customers for a definite period, of a breach of such contract because of defendant's failure to deliver ice, etc., such damages were too uncertain and speculative.   p. 500.

6. APPEAL.—*Review.*—*Refusal of Instructions.*—It is not error to give requested instructions where they are covered by others given.   p. 501.

From Elkhart Circuit Court; *James S. Drake*, Judge.

Action by William Munson against the Eagle Lake Ice Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed conditionally.*

*Warren Berkey, Russell Willson* and *Romney L. Willson*, for appellant.

*Bertram Shane, L. W. Royse* and *Deahl & Deahl,* for appellee.

ENLOE, P. J.—Action by appellee against appellant for damages for an alleged breach of contract to deliver ice.

The appellee, a retail ice dealer in Warsaw, Indiana, brought this action against the appellant, a harvester and wholesaler of ice, and having large storage houses for the same at Warsaw, alleging that on March 4, 1915, appellee and his then partner, one Calvert, entered into a contract with appellant, in writing, by which appellant agreed to sell, furnish and deliver to appellee, during a period of five years following date of said contract, on the platform at appellant's said ice house, all the ice required by them in conducting their said business. "That at the time of the making of said contract there existed within said city of Warsaw, and among all its daily consumers of ice, a general and well-established custom for the delivery of ice to such customers at an early hour, to wit, the hour of five o'clock a.m., and continuing until all were supplied, of which said custom the parties to said contract had full knowledge at the time of the making thereof, and entered into said contract with the full contemplation of complying with the requirements of said custom."

It is further alleged that appellant failed, neglected and refused to place the ice for appellee upon its platform, and that the appellee was compelled to send his own men into the ice house to get out the ice and place it upon the platform; that by reason of appellant's failure, and later its refusal to allow the servants of appellee to enter the ice house and get out the ice, appellee was delayed in his delivery thereof until the hour of ten o'clock a.m. of each day; that, by reason of appel-

lee's failure to make delivery of such ice at an early hour each morning, as was the custom, he lost a large number of customers, and was thereby deprived of earning and realizing from said business profits in the sum of $700. The damages claimed on account of labor, in getting the ice to the platform, as claimed in the complaint and shown by copy of account in that behalf, filed as an exhibit to the complaint, was $306.

There was also an allegation that "on the 18th day of June, 1915, said Calvert for a valuable consideration, sold and delivered to this plaintiff, all his share, rights, and interest in and to said wagons, teams, and utensils, and for the same valuable consideration the said Calvert assigned and transferred to this plaintiff all his rights and privileges under and by virtue of said contract * * *." Prayer for judgment in the sum of $1,500.

A motion was duly made by appellant to strike out parts of the complaint. This motion was overruled. A demurrer was then filed to the complaint, which was also overruled, after which appellant answered in two paragraphs. Reply in general denial to the second paragraph of answer closed the issues, which were submitted to a jury for trial, resulting in a verdict in favor of appellee in the sum of $362.50, upon which, after overruling a motion for a new trial, judgment was rendered.

Appellant first presents as error the action of the court in overruling its said motion to strike out parts of the complaint. Overruling said motion was

1-2. not reversible error. *Walker* v. *Larkin* (1890), 127 Ind. 100, 26 N. E. 684; *Lewis* v. *Godman* (1891), 129 Ind. 359, 27 N. E. 563. Moreover, the motion in this case did not comply with §662 Burns 1914, Acts 1903 p. 338, §2, in that it did not "set out the matter sought to be stricken out," but only referred to same by "paragraph and line" of complaint.

Neither did the court err in overruling the demurrer

to the complaint. The averments thereof were sufficient to entitle the appellee, upon proof of the 3. facts being made as therein alleged, to damages for the failure of appellant to deliver ice upon its platform, as it had agreed to do in its said contract.

Appellant, in its motion for a new trial, presented to the trial court forty-six reasons therefor; but on this appeal has presented only questions arising upon 4. the admission of certain evidence, upon the giving of certain instructions, and the refusal to give certain other instructions tendered by the appellant. All other questions are therefore waived.

We shall first notice instruction No. 15, given by the court of its own motion. This instruction was as follows: "The evidence tends to show that twelve people had refused to take ice of plaintiff and quit because they could not get their ice earlier than they had been receiving it. If you find such to be the fact, and that this was caused by the defendant's violation of the contract and custom, the plaintiff would be entitled to recover his loss of profits, if he has shown any, because of the refusal of said parties to continue to take ice from him. The plaintiff claims damages for all customers who quit taking ice, but I instruct you that only such as the evidence shows quit because they could not get ice earlier and that due to the fault of defendant can be considered by you. The damages, if any, must be such as would compensate plaintiff for his loss."

The objection to this instruction is that it permitted the appellee to recover damages covering a "loss of profits" of his business. That this is not a legitimate element of damages, because loss of profits, as shown and relied upon *in this case*, are of necessity uncertain and speculative.

If there had been any evidence in this case that the appellee had any definite contract of sale for his ice,

for a definite period to his said customers, and 5. that his said customers whose trade he claims he lost, by reason of his not being able to deliver his ice promptly, had broken their said agreement with him, and had thereafter refused to receive ice from him under their said contract, and all because of appellee's failure to deliver such ice promptly, that said customers were solvent, and that they continued to reside in the city of Warsaw, quite another question would have been presented for our consideration. Here there was no proof of any contract with said customers alleged to have been lost to take ice from appellee for any definite period, of their continued residence, of their solvency, or that they would have continued to take ice from appellee for any definite time. Presumption must be piled upon presumption, before we can presume that appellee was injured in any ascertainable sum, as a loss of profits.

In the case of *Connersville Wagon Co.* v. *McFarlan Carriage Co.* (1906), 166 Ind. 123, 76 N. E. 294, 3 L. R. A. (N. S.) 709, the court quotes with approval the following from 1 Sedgwick, Damages (8th ed.) §170: "A party who claims compensation for an injury done him must show, as part of his case, not only that he has suffered a loss on account of the injury, but also what is the amount of the loss; and the burden of proving both these things is upon him. He is to show, with that reasonable certainty required by law, just the amount of damages that should be allowed him as compensation; no damages can be recovered for an uncertain loss."

The court in said case also quotes with approval the following: "'Profits are always more or less contingent. They are usually to be worked out in the future, and cannot be proved with absolute certainty. Men are often most sanguine concerning the successful conclusion of their business ventures, and can usually show

on paper how large profits must be the result of their undertaking. Unfortunately, however, it is a matter of common occurrence that schemes which prudent, cautious and experienced business men have formulated with the utmost care fail in the accomplishment of the expected rewards. It is usually laid down, therefore, in both England and America, that speculative, contingent and uncertain profits cannot be recovered as damages' "—and cites a long list of authorities as sustaining the same. The profits claimed in this case were both contingent and uncertain, and therefore not recoverable as such.

What we have said as to said instruction No. 15 is also decisive of the question presented as to the admission of certain evidence of which complaint is made, and this matter therefore needs no further discussion. .

On the trial, in an attempt to fix his loss of profits, appellee was permitted to testify that he lost certain customers, naming them. There is also some evidence in the record from which the jury could estimate the loss of profits of these named customers at $77.50. As the verdict is for a larger sum than that shown by the evidence as damages on the other element of his case, we must conclude that the jury allowed the appellee damages for the loss of alleged profits.

As to the instructions tendered by appellant and refused, they are either not correct expressions of

6. the law as applied to the facts of this case, or were covered by other instructions given, and there was no error in refusing to give them.

The element of damage occasioned by the failure of the appellant to get out and deliver the ice upon the platform of its ice house, as it had agreed to do, is abundantly sustained by the evidence. If the appellee will therefore enter a remittitur upon the judgment record of the Elkhart Circuit Court, in the sum of $77.50,

as of the date of the verdict herein, and file a certificate of the clerk of said court showing such remittitur to have been entered, within thirty days, with the clerk of this court, said judgment will be affirmed, otherwise it will be reversed, all at the cost of appellee.