No. 9877.

JETT *v.* CITY OF RICHMOND.

CONSTITUTIONAL LAW.—*Cities and Towns.*—Section 1640, R. S. 1881, which forbids cities and towns from punishing by ordinance any act which is a public offence by statute, is constitutional. If not embraced in the subject expressed in the title of the act of which it forms a part, it is at least properly connected with that subject.

From the Wayne Circuit Court.

*A. C. Lindemuth,* for appellant.

*W. D. Foulke* and *J. L. Rupe,* for appellee.

WORDEN, J.—The appellant was prosecuted by the city before the mayor of Richmond, for a violation of a city ordinance, passed in 1870, of the following tenor, viz.:

" If any person shall appear in any public part of the city, or in any place of public resort or amusement therein, or within two miles thereof, in a state of intoxication, every such person so offending shall, on conviction before the mayor, be fined in any sum not less than $1 nor more than $25."

The mayor sustained a demurrer to the complaint and rendered judgment for the defendant, and the city appealed to the circuit court, where a demurrer to the complaint was again filed for want of sufficient facts, among other things, and

overruled. Exception; plea not guilty; trial by the court; finding and judgment for the plaintiff.

The appellant has assigned error upon the overruling of the demurrer to the complaint.

The question involved depends upon the provisions of the Revised Statutes of 1881.

In the "act concerning public offences and their punishment," is found the following provision, viz. :

"Whoever is found in any public place in a state of intoxication shall be fined any amount not exceeding $5 ; and, upon a second conviction for such offence, he shall be fined not more than $25 ; and upon a third conviction for such offence, he shall be fined not more than $100, may be imprisoned in the county jail not more than thirty days nor less than five days, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period." R. S. 1881, section 2091.

In the act prescribing the mode of procedure in criminal cases, entitled "An act concerning proceedings in criminal cases," the following provision is found, viz. :

"Whenever any act is made a public offence against the State by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town ; and any ordinance to such effect shall be null and void, and all prosecutions for any such public offence as may be within the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the State law only." R. S. 1881, section 1640.

The purpose of the above provision is apparent. It is to prevent persons being punished twice for the same offence, once under the State law, and again under a city or town ordinance.

But it is claimed that the title to the act is not broad enough to cover the enactment in question, and, therefore, that it is void. We, however, are of a different opinion. The title, we

have seen, is "An act concerning proceedings in criminal cases." The provision, that cities and towns shall not punish by ordinance an act made punishable by a State law, if not embraced by the title, which would seem to be the case, because it concerns proceedings in criminal cases, is germane to the subject expressed in the title, and properly connected with it, and is sufficient to satisfy the requirement of the constitution.

The provision in question, it seems to us, is properly and appropriately connected with the subject of proceedings in criminal cases, if, indeed, it does not constitute a part of that subject.

Many authorities have been cited upon the point by the respective counsel, but we deem it unnecessary to reproduce them here. The following are some of those which support the view which we take of the question: *Bright* v. *McCullough*, 27 Ind. 223; *McCaslin* v. *The State*, 44 Ind. 151; *The State* v. *Tucker*, 46 Ind. 355; *Fletcher* v. *The State*, 54 Ind. 462.

The fact that a civil action is brought by the city to recover the penalty inflicted by such an ordinance as that in question, and others of a similar character, does not make the penalty inflicted any the less a punishment. The form of the action to recover the penalty is entirely immaterial so far as the question we are now considering is concerned. The penalty thus inflicted, and recovered in the form of a civil action, the process being a warrant for the arrest of the defendant, and imprisonment being a means of coercing payment, is as much a punishment within the meaning of section 1640 as if the form of the action were criminal instead of civil.

The provision in question takes away the right of cities and towns to maintain actions, civil in form, in certain cases; but it is not therefore obnoxious to any constitutional objection, for civil and criminal matters may be embraced in the same act, where they are the subject of the enactment or properly connected with it. *Thomasson* v. *The State*, 15 Ind. 449.

Section 2091, above quoted, provides for the punishment

of the same act mentioned in the ordinance in question, and section 1640 abrogates the ordinance.

The demurrer to the complaint should have been sustained..

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.