## STATE, EX REL. STUART ET AL., *v.* HOLT ET AL.

[No. 20,370.   Filed June 28, 1904.]

PLEADING.—*Misjoinder of Plaintiffs.*—*Demurrer.*—Where an action on the bond of a public officer is brought by the State of Indiana on relation of a taxpayer and the taxpayer jointly, a demurrer thereto for want of sufficient facts and for misjoinder of plaintiffs must be sustained, since §253 Burns 1901 requires all actions on official bonds, payable to the State of Indiana, shall be brought by such State, on relation of the party interested, and since such taxpayer has no interest apart from his interest as a member of the public.

Appeal from the Marion Circuit Court (No. 10,447); *H. C. Allen*, Judge.

Action by the State of Indiana, *ex rel.* Romus F. Stuart and Romus F. Stuart, in his individual capacity, against Sterling R. Holt and others on his official bond as treasurer of Marion county.   Decree for defendants and plaintiffs appeal to the Appellate Court.   From a judgment of the Appellate Court, affirming the decree of the court below, plaintiffs appeal to the Supreme Court.   *Affirmed.*

*P. W. Bartholomew*, for appellants.

*J. R. Wilson, M. M. Townley, R. O. Hawkins* and *H. E. Smith*, for appellees.

HADLEY, J.—Suit by appellants against the principal and sureties on the official bond of the treasurer of Marion county.   The board of county commissioners and the county auditor having declined to bring the action were made defendants.   A demurrer was sustained to the complaint.   Appellants refused to plead further, and judgment was rendered against them for costs.   That the complaint does not state facts sufficient to constitute a cause of action, and that the plaintiffs, neither jointly nor severally, had legal capacity to sue, are among the special grounds of demurrer.

Appellants jointly assign error on the sustaining of the demurrer to their complaint.

In the complaint and in the assignment of error the plaintiffs are described as "The State of Indiana, *ex rel.* Romus F. Stuart and Romus F. Stuart." The view we have taken of the case makes it unnecessary to consider the merits of the complaint, which is very long and charges many breaches of the treasurer's bond. The controlling question arises upon the special grounds of demurrer above indicated. Romus F. Stuart is suing as relator for public use, and in his individual capacity for personal use, on a bond payable to the State of Indiana, and given to secure not private but public funds. The complaint begins and continues thus: "The plaintiffs herein, the State of Indiana, *ex rel.* Romus F. Stuart and Romus F. Stuart, complain of the defendants herein, and for cause of action allege, that Romus F. Stuart is a resident taxpayer and freeholder of Marion county, Indiana, and has so been for ten years last past, and has paid his taxes into the treasury of Marion county all of said time, including the first half of his taxes for 1899; that as such resident taxpayer he has an interest in all moneys paid into, paid out of, and belonging to the treasury of Marion county, Indiana, during the years 1893, 1894 and 1895, in common and jointly with all taxpayers of Marion county, Indiana; that the number of resident taxpayers of Marion county, Indiana, is more than fifty thousand, making it impracticable for them to join the plaintiffs herein as co-plaintiffs; therefore the plaintiffs bring this action for their own, on behalf of, and for the benefit of all the taxpayers of Marion county, Indiana, and in trust for the county of Marion; that a part of the money sued for in the plaintiff's complaint belongs to the plaintiffs as such taxpayers, and was held and placed in the hands of Sterling R. Holt, the treasurer of Marion county, as custodian for the plaintiffs and all taxpayers of Marion county, and for their use and benefit." The execution and breaches of the bond, and the refusal of the commissioners and auditor to bring

the action are next alleged, and then the following: "The plaintiffs herein have been put to great labor and expense in the preparation and prosecution of this cause and in the employment of legal counsel herein; that a reasonable compensation to remunerate them in the premises is a sum of money equal to twenty-five per cent. of whatever sums may be recovered on the final settlement and adjudication of this cause. Wherefore plaintiffs demand judgment against the defendants for $90,000 and costs, and plaintiffs' expenses and attorney's fees."

Every action must be prosecuted by the real party in interest. §251 Burns 1901. It is well settled that a complaint that does not state a good cause of action as to all who join in it, though it does as to some of the plaintiffs, is bad on demurrer as to all for insufficiency of facts. *Elliott* v. *Pontius* (1893), 136 Ind. 641, 653; *McIntosh* v. *Zaring* (1898), 150 Ind. 301, and cases cited.

Actions upon official bonds and bonds payable to the State shall be brought in the name of the State of Indiana, upon the relation of the party interested. §253 Burns 1901. The bond sued on comes within the class regulated by this statute. It is payable to the State, and is given to secure the public funds that came into the hands of Treasurer Holt belonging jointly to the inhabitants of Marion county. If, as averred, the board of commissioners failed and refused to bring the action, Stuart, as a taxpayer, might do so as a relator for the use of the county whose money is alleged to have been misappropriated. *Zuelly* v. *Casper* (1903), 160 Ind. 455, 63 L. R. A. 133; *Kimble* v. *Board, etc.* (1904), 32 Ind. App. 377.

But Stuart as an individual can not maintain the action for two reasons: (1) Because the statute forbids a personal action on such a bond; and (2) because he has no separate and divisible interest in the subject-matter. The averment that he has personally incurred heavy expenses by the employment of legal counsel and in the preparation

of this case discloses no right to sue. He had no individual interest in the sequestered funds; no excuse to interfere where he had no interest; and he can not appeal to equity to be reimbursed for costs and expenses incurred in the preparation and bringing of an action which he had neither legal nor equitable right to bring.

As relator, suing on behalf and for the use of the inhabitants of Marion county, if successful, he would have been entitled to reimbursement for reasonable costs and expenses incurred, not as a claim against the delinquent officer, nor under the provisions of the bond, but as an equitable charge against the fund. *Kimble* v. *Board, etc., supra,* and authorities cited.

An action brought by a proper and an improper relator must fail as to both for want of a common interest. *Neal* v. *State, ex rel.* (1874), 49 Ind. 51. The principle is not changed by an individual joining with a proper relator. This is more especially true when they seek separate and incompatible remedies, as in this case. Here the relator is suing for the benefit of the people of the county in their aggregate capacity. Romus F. Stuart is suing to recover for his personal use against the people's common fund his costs and attorney's fees.

The law affords an easy and ample remedy for the wrongs charged in the complaint, but it must be pursued in the manner required by the statute and settled rules of pleading.

The circuit court did not err in sustaining the demurrer to the amended complaint, and the judgment of the Appellate Court is therefore affirmed.