DAVIS CONSTRUCTION COMPANY *v.* BOARD OF COM-
MISSIONERS OF BOONE COUNTY ET AL.

[No. 23,867.   Filed October 28, 1921.   Rehearing denied June 1,
1922.]

1. PLEADING.— *Petition.— Demurrer.— Waiver of Defects.—* All
defects in a petition for relief under Acts 1919 p. 475, §7723a
*et seq.* Burns' Supp. 1921, not pointed out by the memorandum
accompanying the demurrer must be deemed waived.   p. 146.

2. CONSTITUTIONAL LAW.— *Towns.— Action under Statute to
Cancel Contract.— Constitutionality of Statute.— Taxpayer's
Right to Challenge.—*In an action by a public contractor under
Acts 1919 p. 475, §7723a *et seq.* Burns' Supp. 1921, to obtain
relief from a contract for the construction of a road because
of extraordinary expenses arising out of conditions resulting
from the war between the United States and Germany, a tax-
payer of the township which was to pay the cost of the pro-
posed improvement had a right to appear and deny the con-
stitutionality of such act, in view of §§7725, 7726 Burns 1914,
Acts 1907 p. 391, and §7723g Burns' Supp. 1921, Acts 1919 p.
475, under which taxpayers of the township would have to pay
any increase in the cost of the improvement resulting from the
annulment of the contract.   p. 146.

3. CONSTITUTIONAL LAW.—*Highways.—Class Legislation.— Re-
lease of Highway Contractors from Contracts.— Statute.—
Validity.— Constitutional Provisions.—* Section 7723a *et seq.*
Burns' Supp. 1921, Acts 1919 p. 475, providing for the relief
of highway contractors from the obligations under their con-
tracts because of conditions resulting from the war between
the United States and Germany, is unconstitutional as being
in violation of Art. 1, §23, of the Constitution, prohibiting the
granting of privileges and immunities to any citizen or class
of citizens.   pp. 149, 151.

4. CONSTITUTIONAL LAW.— *Subjects of Legislation.— Classifica-
tion.— Constitutional Provisions.—* Under Art. 1, §23, of the
Constitution, prohibiting the granting of privileges and im-
munities to any citizen or class of citizens, a classification of
subjects of legislation, to be valid, must be based upon sub-
stantial distinctions which make one class so different from
another as to suggest the necessity for different legislation
with respect thereto, and an artificial, arbitrary, and unreason-
able classification, as by designating certain individuals by
name or description out of a larger number whose situation
and needs do not differ from theirs, is forbidden.   p. 149.

5. CONSTITUTIONAL LAW.— *Release of Highway Contractors from Contracts.— Statute.— Validity.— Police Power.*— Acts 1919 p. 475, §§7723a *et seq.* Burns' Supp. 1921, providing for the relief of highway contractors from the obligations under their contracts because of extraordinary expense due to conditions- resulting from the war between the United States and Germany, cannot be upheld, as within the police power, on reasons of public safety, public health, public morals or public welfare. p. 151.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by the Davis Construction Company against the Board of Commissioners of Boone county, in which one Bundy appeared and filed a demurrer. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John Rynerson, Floyd G. Christian, Ralph H. Waltz* and *George W. Long,* for appellant.

*Roy W. Adney, William L. Taylor* and *Ralph P. Bundy,* for appellees.

EWBANK, J.—This was an action by the appellant, based upon Acts 1919 p. 475 (§7723a *et seq.* Burns' Supp. 1921). The petition by which it was commenced was addressed to and filed with the board of commissioners of Boone county, Indiana, and alleged that appellant had entered into a contract with said board on August 8, 1916, to construct a certain "hard surface" road for the price of $26,495, had expended $9,000 in grading and building culverts, under the provisions of the contract, and would be required to pay out an additional sum of $3,000 in excess of the total contract price to complete the road; and that the losses already sustained and those threatened had not been and would not be caused by any negligence or mismanagement of the petitioner, but were caused wholly by conditions arising

out of and existing after the declaration of war by the United States against Germany and by reason thereof.

The petition was denied by the board of commissioners, and the cause was appealed to the circuit court, and then removed by change of venue to Hamilton county, where the appellee Bundy, a resident taxpayer, freeholder and voter of the township by which the cost of the proposed road was to be paid, appeared and filed a demurrer to the petition, for the alleged reason (among others) that the act of 1919, upon which it was based, is unconstitutional because of being class legislation. This demurrer was overruled and the appellee Bundy excepted. An issue of fact was joined and the cause was tried, and judgment was rendered denying the relief asked, and ordering that appellant should pay the costs, from which judgment this appeal was taken.

The appellee Bundy has assigned as cross error the overruling of his demurrer to the petition. Any and all defects in the petition not pointed out by the

1. memoranda filed with the demurrer must be deemed waived, and we shall assume, without deciding that it was sufficient to entitle appellant to relief if the act of 1919 is valid.

It is first objected that a resident freeholder and taxpayer of the township in which the proposed highway was located and against which the taxes to pay

2. for it will be assessed and levied, not being a party to the contract, has no standing in court to deny the constitutionality of the statute under which the board of commissioners was asked to release appellant from its contract.

But if appellant is bound by contract to complete the road for a certain price, and it will cost more than that amount to finish building it, any additional sum for which a contract to complete it might be let to appellant

or another bidder after annulment of the contract in suit would have to be paid by the taxpayers of the township. §§7725, 7726 Burns 1914, Acts 1907 p. 391; §7723g Burns' Supp. 1921, Acts 1919 p. 475.

And a taxpayer clearly has sufficient interest to question the constitutionality of the statute under which it is sought to impose a burden upon the property of a taxing district in which he lives and owns property subject to assessment, where the action seeking to impose a burden under such statute remains otherwise undefended. *Zuelly* v. *Casper* (1903), 160 Ind. 455, 67 N. E. 103, 63 L. R. A. 133; *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 99 N. E. 102, 99 N. E. 111.

The act of 1919 provides that upon the filing of a verified petition by the contractor, his heirs, personal representatives or assigns, setting forth certain facts, and upon proof of such facts at a hearing: "All boards of county commissioners, which have entered into contracts for the construction of gravel, stone, or other highways under and pursuant to the provisions of sections sixty-two (62) to ninety (90) inclusive (§7711 *et seq.* Burns 1914) of the act of the General Assembly entitled "An act concerning highways," approved March 8, 1905, and of acts amendatory thereof or supplemental thereto, or of bridges, and which contracts were entered into prior to June 1st, 1917, and have been performed in part, * * * may relieve the petitioner from further performance of the contract and shall pay for the work and labor done, and materials furnished for that part of the contract which has been completed, at the contract price." §§7323a, 7723d Burns' Supp. 1921, Acts 1919 p. 475, §§1, 4.

Other sections of the same act provide that new contracts for the completion of the work may be let and additional bonds sold to provide funds. It was further provided that: "This act shall not be construed as re-

.pealing or conflicting with any of the provisions of said act concerning highways, approved March 8, 1905, or with any other laws concerning the improvement of highways, or the letting of contracts for such improvements, or the issue and sale of bonds to pay the cost thereof, but as supplemental thereto." §7723j Burns' Supp. 1921, Acts 1919 p. 475, §10. The sections of the statute referred to are that part of the act which provides for grading, draining and paving highways by taxation levied upon the property of the township in which the highway is located, or the property of the townships along the line of which it runs.

But the act under consideration seems not to apply to contracts for the construction of improved roads on township lines by taxation levied upon the townships affected, under the act of 1909, as amended (§7739a *et seq.* Burns 1914, Acts 1909 p. 263), nor to contracts for building such roads on county lines by taxation upon the townships affected (§7740 *et seq.* Burns 1914, Acts 1907 p. 363), nor to contracts for building them by assessments of benefits levied upon all lands and lots within two miles of the highway, outside of incorporated towns and cities (§7694 *et seq.* Burns 1914, Acts 1905 p. 521), nor to contracts for grading, draining, and improving highways along the state line, in conjunction with the adjoining counties of other states, under §23 of said "Act concerning highways," as amended (Acts 1913 p. 938, §7671 Burns 1914), nor to contracts for the construction of highways from county seat towns to railroad stations (§§7671a-7671d Burns' Supp. 1918, Acts 1917 p. 44), or of highway improvements made by the State Highway Commission (§7671e *et seq.* Burns' Supp. 1918), or for the construction of bridges under §§39-45 of said act referred to in the statute (§§7687-7693 Burns 1914, Acts 1905 p. 521), or under any of the half dozen other acts which provide for build-

ing bridges ($§§3777-3836 Burns 1914), or tunnels, instead of bridges ($§§7692a-7692c Burns 1914, Acts 1911 p. 624).

It does not apply to contracts for the improvement of streets and alleys, or for building bridges, in cities and towns, whether paid for by assessments on abutting property or by general taxation. Neither does it apply to contracts for building penitentiaries, reformatories, insane hospitals, or other penal or charitable institutions, under contracts with the state, or for the construction of court houses, jails, hospitals, school houses, or any other public works, under contracts with local municipalities, except only improved highways and bridges under certain sections of the one statute.

Without considering or undertaking to decide whether or not the legislature might have power to relieve contractors for the construction of public works 3, 4. from the threatened consequences of a shortage of labor and materials, caused by the war, by consenting that their contracts should be canceled and that any loss due to those conditions should be imposed on the taxpayers (as to which we decide nothing), the question remains whether or not it has power to enact a statute for the relief only of those contractors who entered into contracts with boards of commissioners for the construction of highway improvements and bridges, "under and pursuant to" certain specified sections, twenty-nine in number, of one designated statute, out of many acts which provide for building improved highways, and out of a far greater number of acts which provide for letting public construction work by contract.

We think that this question must be answered in the negative. The constitution of the State of Indiana provides as follows: "The general assembly shall not grant to any citizen, or class of citizens, privileges and immu-

nities which, upon the same terms, shall not equally belong to all citizens." Art. 1, §23, Constitution.

And while some classification of the subjects of legislative action is necessary, and a reasonable classification based upon actual differences which inhere in the different subjects and embrace all within the class and the reason for the classification will be upheld, a classification, to be valid, must be based on substantial distinctions which make one class so different from another as to suggest the necessity for different legislation with respect thereto. An artificial, arbitrary, and unreasonable classification, as by designating certain individuals by name or description out of a larger number whose situation and needs do not differ from theirs, is forbidden by the constitution. *Bedford Quarries Co.* v. *Bough* (1909), 168 Ind. 671, 674, 80 N. E. 529, 14 L. R. A. (N. S.) 418; *Railroad Com.* v. *Grand Trunk, etc., R. Co.* (1913), 179 Ind. 255, 262, 100 N. E. 852; *Sperry & Hutchinson Co.* v. *State* (1919), 188 Ind. 173, 181, 122 N. E. 584.

The limited number of persons and firms who had entered into contracts prior to June 1, 1917, to do a particular kind of work on highways and bridges in process of construction under the specified sections of the designated statute, and who had not yet completed that work before March, 1919, when the statute under consideration was approved, could not be more clearly pointed out if they were mentioned by name. The war had ended more than four months before the statute was enacted, and the date prior to which the contracts must have been entered into was almost two years past. But of the many persons having contracts to do grading, ditching and concrete work, on highways and elsewhere, in the State of Indiana, who were affected in the same way and substantially in the same degree as those per-

sons and firms, by the increased cost of labor, teams, railroad freights, lumber, sand, gravel, broken stone and cement, but who did not have contracts to build highways under §§62-90 of the particular statute, or who took contracts under those sections, but performed them (at whatever loss) before this statute was enacted, none could possibly bring themselves within the statute or obtain relief under it.

Counsel for the appellant seek to uphold the statute against the charge of making an unreasonable classification of subjects by terming it an exercise of "police power." But a statute which assumes to relieve a few contractors for the construction of certain kinds of public improvements ordered under particular sections of a single statute, from the obigation of their contracts entered into prior to a date named, by requiring the taxpayers of certain townships to bear the loss which would otherwise fall upon the contractors, cannot be upheld as basing its classification on reasons of public safety, public health, public morals, or public welfare, so as to justify a classification not otherwise permissible. *State* v. *Wiggam* (1918), 187 Ind. 159, 161, 118 N. E. 684; *Cleveland, etc., R. Co.* v. *Schuler* (1914), 182 Ind. 57, 105 N. E. 567, L. R. A. 1915A 884.

The attempted classification was forbidden by the quoted section of the state Constitution and the statute is invalid. Being unconstitutional for the reasons stated we need not inquire whether or not it also conflicts with other provisions of the constitutions of this state and the United States. Since appellant's alleged right of action was based wholly upon a statute and that statute was unconstitutional, he was not entitled to recover, whatever he might allege and prove.

The judgment is affirmed.