EDDLEMAN *v.* CITY OF BRAZIL.

[No. 25,613. Filed April 26, 1929.]

*Robert K. Eby,* for appellant.
*Otto T. Englehart* and *Edward H. Knight,* for appellee.

MARTIN, C. J.—The city of Brazil filed a complaint

in one paragraph against William E. Eddleman to recover a penalty for his alleged violation of §§ 1 and 2 of its ordinance No. 2123[1] "by unlawfully driving and propelling a motor truck, the combined weight of such truck, load and driver thereof being greater than 30,000 pounds, to wit 37,500 pounds; the same having an overload over its rear axle of 20,500 pounds," over a certain street in Brazil. After a trial by the court, there was a finding of guilty as charged, and a judgment was rendered that Eddleman pay a fine of $100 from which judgment he prosecutes this appeal.

The appellant assigns and relies upon as error the overruling of his motion for a new trial, on the grounds that the finding is not sustained by sufficient evidence and is contrary to law, and he presents the question of the validity of the ordinance.

The evidence showed the operation by appellant over the street named of a six-wheeled freight truck, a combination of a tractor with a trailer; that the trailer had four wheels and two axles, weighed 37,500 and that the rear part of the trailer weighed 20,500.

Appellant contends that the evidence is insufficient:

*First*, because the complaint alleges the operation of a "motor truck" over the weight prohibited by the ordinance, while the proof shows the operation of a "trailer," but we believe that proof of the operation of a trailer (over the specified weight), which trailer, in combination with a tractor, constituted "a six wheel freight truck," was sufficient proof of the

---

[1]"Sec. 1 . . . It shall be unlawful for any person, persons, firm, company or corporation to operate, drive or propel, over, along or on [certain streets, naming them] any vehicle, truck or trailer, the combined weight of such vehicle, truck or trailer, load and driver thereof shall exceed 30,000 pounds."

"Sec. 2 . . . It shall be unlawful, [etc., same as in §1] any vehicle, truck or trailer of less than two axles, the combined weight of such vehicle, truck or trailer, load and driver thereof shall exceed 10,000 pounds."

operation of a motor truck as alleged in the complaint.

*Second,* because the complaint alleges a violation of §2 (in addition to §1) of the ordinance, which section (§2) makes it unlawful to operate a vehicle of less than two axles weighing in excess of 10,000 pounds, while the evidence shows that the vehicle in question had two axles. Appellant's failure to prove a violation of §2 will not prevent a judgment against him if the proof is sufficient of the violation charged of §1.

*Third,* because the complaint alleges the weight of the vehicle to be 37,500 *pounds* while the proof is that it weighed "37,500" with no showing as to what unit of weight was referred to. Proof that the trailer weighed "37,500" is not equivalent to proof that it weighed "37,500 pounds," even though "pound" was the unit of weight mentioned in the ordinance and could reasonably be presumed to be the unit of weight referred to by the figures given. It is unnecessary, however, to decide whether the omission to prove the unit of measure constitutes a failure of evidence, since the case must be reversed for the reason given in the next paragraph.

*Fourth,* because the ordinance prescribes a weight limitation in conflict with §10152 Burns 1926, which defines and prescribes the maximum weight of vehicles that may be used upon the highways[2] (and §10160 Burns 1926 which prescribes a penalty) and is therefore void under §2401 Burns 1926,

---

[2]*Weight of motor vehicles.* Except as hereinafter otherwise provided, no motor vehicle, truck, trailer or semi-trailer or combined unit of motor vehicle, or truck having four wheels or less, the gross weight of which, including the load, is more than 28,000 pounds; and no motor vehicle or truck having a greater weight than 22,400 pounds on any one axle; and no motor vehicle, truck or trailer, having a greater weight than 800 pounds per inch width of tire upon any wheel concentrated upon the surface of the highway (such width, in the case of rubber tires, to be measured between the flanges of the rim), shall be used or operated upon any of the public highways or bridges of this state, etc.

which provides that an act shall not be made punishable by ordinance that is an offense against the state by statute.[3]   An examination of the provisions of the city ordinance and the statute discloses that the ordinance is quite similar to the statute, covers the same subject-matter and seeks to punish the same acts which are made punishable by the statute.   Section 10146 Burns 1926 (as amended Acts 1927 p. 662, §4; p. 721, §1), does not serve to take this ordinance out of the general rule. The ordinance is void.   *City of Indianapolis* v. *Higgins* (1895), 141 Ind. 1, 40 N. E. 671.

Judgment reversed.

---

[3]*State statutes—Ordinances.*   Whenever any act is made a public offense against the state by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be null and void, and all prosecutions for any such public offense as may be within the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the state law only, etc.