INDIANAPOLIS MARKET ASSOCIATION ET AL. *v.* CITY
OF INDIANAPOLIS ET AL.

[No. 26,298. Filed November 19, 1934.]

*Joseph T. Markey* and *J. B. Kammins,* for appellants.

*Edward H. Knight, James E. Deery,* and *Herbert M. Spencer,* for appellees.

FANSLER, J.—Appellants, by their complaint, seek to enjoin the enforcement of a certain ordinance of the city of Indianapolis, which amends a former ordinance establishing a city market, and providing for its management, control, and operation. A temporary restraining order was issued, and upon hearing a temporary injunction was refused, and this action of the lower court is the only error assigned in this appeal.

In order to invoke the jurisdiction of equity to determine the validity of an ordinance, there must first be

asserted some property or civil right which the enforcement of the ordinance will violate, and facts must be alleged showing that there is no adequate remedy at law. If such rights and facts are asserted and established, the court will inquire into the validity of the legislation. Otherwise, it will leave the validity of the legislation to be determined in an action at law.

We have carefully examined the complaint. It is alleged that the appellant, The Indianapolis Market Association, is a corporation not operated for profit, the membership of which is made up of standholders or lessees of stands and stores in the city market; that the appellant, Thomas Sloan, operates a restaurant, and the appellant, Edward Saunders, a stand, in the city market, and that they have operated such establishments for many years. There is no allegation that any of the appellants have any leases or contracts which entitle them to continue occupying space in the market. Complaint is made that the amended ordinance reduces the number of spaces for restaurants from twelve to two, but there is no allegation that the appellant Sloan has asserted, or is asserting, any right to continue to operate a restaurant, or that he is being discriminated against in the leasing of restaurant spaces. Nor is there any allegation indicating that the action is brought by appellants, as taxpayers, in the interest of themselves and other taxpayers for the protection of their rights as citizens and taxpayers of the city of Indianapolis. No facts are alleged showing any special interest in any of the appellants in preventing the enforcement of the ordinance, or that any of them have any special or property rights which will be invaded or destroyed by its enforcement.

The complaint does not state facts sufficient to invoke the jurisdiction of equity. A temporary injunction was

properly denied. The temporary restraining order heretofore issued by this court is dissolved, and the judgment of the lower court affirmed.