GOLDBLATT BROTHERS CORPORATION *v.* CITY OF EAST CHICAGO ET AL.

[No. 26,634. Filed February 11, 1937. Rehearing denied April 27, 1937.]

*Kenneth Call, E. J. Call,* and *Abe Hyman,* for appellant.

*Nick Stepanovich,* and *Robert G. Estill,* for appellees.

FANSLER, J.—Appellant began this action seeking to enjoin appellees from interfering with appellant in the distribution of pamphlets and advertising matter. The interference specifically alleged is that appellees caused

fifteen employees of appellant to be arrested, and that by reason thereof appellant incurred large expense in defending its employees; and that they had violated no law of the state of Indiana. Appellees answered, setting up an ordinance of the city prohibiting the distribution of written advertising matter "by placing or causing the same to be placed in any automobile, or in any yard, or on any porch, or in any mail box in said City, not in possession or under the control of the person, firm or corporation so distributing." Newspapers are exempted from the provisions of the ordinance, and a penalty is provided for violation. The answer alleges that the arrests complained of were made for violations of the ordinance. A demurrer to this paragraph of answer was overruled. There were special findings of fact, by which the material facts alleged in the complaint and the answer were found to be true, and, by its conclusion of law, the court held the ordinance to be valid and binding, and thereupon rendered judgment for appellees.

The overruling of the demurrer to the answer, and the conclusion of law form the basis for assigned errors, and the only question presented by appellant involves the legality of the ordinance and the city's power to adopt and enforce it.

Appellant contends that it has a property right in the privilege of distributing advertising matter by placing the same in automobiles, or yards, or on porches, or in mail boxes, but it has no such right. The provision of the ordinance, exempting from its operation property in possession or under the control of the person distributing, amply protects the right to distribute where it has permission from the property owner. Any other distribution is an intrusion upon private property, which may be forbidden by the owner, and if injury results from the intrusion it is a trespass.

Appellant contends that a municipal corporation, in

the enactment of ordinances, has only such power as is expressly granted and necessarily implied; that the statute conferring powers will be strictly construed; that doubt as to power will be resolved against the corporation; and that where a statute enumerates specific powers of the municipal corporation, with reference to a certain subject, a power not enumerated is presumably withheld. It then points to section 48-1407 Burns' Ann. St. 1933, section 11432 Baldwin's Ind. St. 1934, a statute conferring general powers upon common councils of cities, which confers power to regulate and prevent the throwing of papers, handbills, and other materials into any street, alley, or public place; and contends that the express granting of power concerning the regulation of papers and handbills in the public streets and places must be construed as withholding power to regulate such matters respecting private places.

But appellant's construction of the law does not exactly coincide with the decisions of this court upon the subject. In *City of Crawfordsville et al.* v. *Braden* (1891), 130 Ind. 149, 154, 155, 28 N. E. 849, 851, it is said:

"Special charters, as well as general statutes for the incorporation of cities and towns, usually contain a specific enumeration of powers granted to and which may be exercised by such corporations. In many cases the powers thus enumerated are such as would be implied by the mere fact of the incorporation.

"When powers are thus enumerated in a statute which would belong to the corporation without specific enumeration, the specific statute is to be regarded, not as the source of the power, but as merely declaratory of a pre-existing power, or, rather, of a power which is inherent in the very nature of a municipal corporation, and which is essential to enable it to accomplish the end

for which it is created. And the enumeration of powers, including a portion of those usually implied, does not necessarily operate as a limitation of corporate powers, excluding those not enumerated. *Clark* v. *City of South Bend,* 85 Ind. 276; *First Nat'l Bank* v. *Sarlls,* 129 Ind. 201.

"The corporation, notwithstanding such enumeration, still possesses all of the usually implied powers, unless the intent to exclude them is apparent, either from express declaration or by reason of inconsistency between the specific powers conferred and those which would otherwise be implied. . . .

"Among the implied powers possessed by municipal corporations is the power to enact and enforce reasonable by-laws and ordinances for the protection of health, life and property."

The section of the statute above referred to, conferring powers upon cities, is very broad. Clause 53 authorizes the enactment of ordinances "to carry out the objects of the corporation, not hereinbefore particularly specified." Clause 13 authorizes an ordinance to prevent the deposit of any unwholesome substance, either on private or public property, and compel its removal, and to require waste or unwholesome materials to be removed to designated points, or to require occupants of premises to place them conveniently for removal. Handbills and advertising pamphlets, when thrown loosely about, may become waste matter, which the property owner might be required to remove from his premises, or which the city at its own expense might remove. The evident purpose of this clause is to enable the city to prevent unwholesome or waste materials from accumulating upon private property. One most reasonable means of accomplishing this end is to prevent the unauthorized throwing of substances, which may become waste material, upon private property. It

is obvious that the more waste accumulated, the more the expense of the city or property owner in removing it. Other clauses authorize the city to regulate or to prevent the accumulation of combustible material on private property, and clause 26 authorizes the city, by ordinance, to take all necessary steps to prevent danger from fire. Some of the cases cited by appellees justify ordinances prohibiting the distribution of handbills, upon the theory that it is a fire prevention measure.

Clause 47 authorizes ordinances to preserve peace and good order. It is generally held that, under general implied powers, municipalities have power to protect private property from intrusion. McQuillin on Muncipal Corporations (2d Ed.) Vol. 3, §1079. And it is said by the author cited: "The best considered cases, especially the more recent ones, have properly extended the sphere of activity of the municipal corporation in dealing with police offenses. The necessity of thus enlarging municipal jurisdiction is obvious to the careful student of the conditions and needs of the crowded modern urban centers of population. The earlier conceptions of our courts on this subject are less definite and satisfactory." §922. But power to enact the ordinance need not depend upon authority to protect private property. A city has unquestioned right to remove garbage, ashes, debris, and waste matter that collects upon the property of its citizens. The prevention of unnecessary scattering of material that may become waste is a protection to the municipality itself, since, if waste matter is minimized, the expense of removing it will be less. Nothing in the ordinance attempts to prevent the delivery of advertising matter upon the premises of those citizens or householders who are willing to receive it. A consideration of the statute, granting power to adopt ordinances, discloses a legislative intention to give the broadest powers, consistent with the rights of property and the reserved

powers of the state, to enact penal ordinances which affect alike citizens generally. It is said again by the author last quoted: "Crowded urban populations require numerous police regulations which would be unreasonable in rural districts or sparsely populated territory. This difference was early recognized, and from the first establishment of public corporations, invested with civil government, the local community has been empowered to enact and enforce various kinds of such regulations which restrict more or less the liberty of the individual, his personal movements and the use of his property. These are essential to the enjoyment of life in crowded centers. From the beginning their necessity has been sanctioned by the public authorities and they have been sustained generally by the courts." §948. The statute conferring powers upon cities in this state is clearly designed to empower cities to do the things essential to the enjoyment of life, and desirable for the protection of the public, and it must be construed with this purpose in mind. The enactment and enforcement of the ordinance is within the powers of the city.

There is another reason why the judgment must be affirmed. As pointed out, appellant has no property right in the privilege of distributing handbills and advertising matter. Courts of equity will not interfere by injunction to restrain municipal officers from prosecuting actions for the violation of city ordinances where there are no property rights involved. *State ex rel. Fry* v. *Superior Court of Lake County et al.* (1933), 205 Ind. 355, 186 N. E. 310; *Lickey* v. *City of South Bend* (1934), 206 Ind. 636, 190 N. E. 858; *Indianapolis Market Association et al.* v. *City of Indianapolis et al.* (1934), 207 Ind. 356, 192 N. E. 754.

Judgment affirmed.