STATE EX REL. EGAN *v.* SUPERIOR COURT OF LAKE COUNTY ET AL.

[No. 26,722. Filed March 15, 1937.]

304

*Fred A. Egan,* for appellant.

*George E. Hershman, Frank T. Greenwald* and *Thomas F. O'Mara,* for appellee.

TREANOR, J.—This is an original action instituted by relator, Fred A. Egan, as prosecuting attorney of the 31st judicial circuit, for a writ of prohibition to prohibit the Superior Court of Lake County and the Hon. Bertram C. Jenkines, Judge of Room No. 3 of Lake Superior Court sitting at Gary, Indiana, from enforcing a restraining order issued by that court and judge thereof and from proceeding further with the cause in which the restraining order was issued. This court issued its alternative writ of prohibition and required respondents to show cause why such writ should not be made permanent. From the allegations contained in relator's petition and supplemental petition, and from respondents' response to the alternative writ, the following facts appear:

On June 8, 1936, the Calumet Exposition Company, Inc., filed a complaint in the Lake Superior Court, Room 3, over which the Hon. Bertram C. Jenkines presides as Judge. The complaint alleged that the plaintiff was a corporation organized "to establish an institution or plant of an agency wherein or whereby the owners of greyhounds may contract in writing with the plaintiff maintaining said agency to seek premiums from it, for victorious speed of their respective greyhounds, said agency to conduct the said contests for improvement in ability, speed and general development of said greyhounds and the entertainment of the public generally which may desire to witness such tests of speed and

ability and for which said agency charged a reasonable and legitimate admission fee from adults over the age of 21 years (minors under age of 21 not being admitted) from which the premiums are awarded." The complaint further described plaintiff's method of doing business: "Under the plan of the plaintiff the separate respective owners of the said separate respective greyhounds are at liberty to assign to any of the public, through the plaintiff as their agent, for a valuable consideration, any fractional part of said premiums to which said separate respective owners expect to be entitled. Such assignments are required by the plaintiff to be in writing and signed by the plaintiff in behalf of said separate respective individual owners and delivered to such respective individual assignees, to whom are delivered their said respective individual parts of said premium, by the plaintiff immediately upon the termination of the separate single speed test involved. Plaintiff in consideration of equipping and maintaining at its own expense its institution or plant is also to receive under contract agreeable with the separate respective individual owners of contesting greyhounds and their separate respective individual assignees a certain percentage portion of said premiums as compensation therefor."

The plaintiff named as defendants to its complaint in the Lake Superior Court the prosecuting attorney, relator in this action, and the "chief law enforcing officers of Lake County, City of Hammond and North Calumet Township" including the sheriff of Lake County, mayor and chief of Police of the city of Hammond, and alleged that the defendants "have threatened to and will, unless enjoined from so doing, attempt to prevent this plaintiff from conducting its said institution or plant for the purposes hereinabove enumerated." Plaintiff also alleged that it had leased real estate and had con-

structed and was constructing its plant and "that because of the threats made by the defendants to prevent the operation of said plant, plaintiff has been irreparably damaged and unless said defendants are enjoined from carrying out such threats plaintiff will be compelled to discontinue the construction of its plant and the monies heretofore expended by the plaintiff will be a total loss." Plaintiff alleged that the Mayor and Chief of Police of Hammond were seeking to enforce an ordinance of the city of Hammond fixing a license fee of $500.00 per day for the operation of plaintiff's plant and are about to arrest and charge certain of plaintiff's officers and employees with violation of that ordinance; that the Prosecuting Attorney and Sheriff of Lake County are about to arrest certain of its officers and employees and charge them with a crime against the State of Indiana; that its officers, agents and employees have not and will not "in the operation of the business of the plaintiff violate any of the laws of the State of Indiana" and that unless the defendants are enjoined from interfering with plaintiff's business they will "put their threats and anticipated threats into execution to the great and irreparable injury of this plaintiff, its officers and employees."

Upon the filing of the complaint above referred to, and without notice to the defendants named therein, the Lake Superior Court and the judge thereof, respondents in this action, issued an order against all of the defendants restraining them from "entering or trespassing upon the real estate and property of said plaintiff in said county and state . . . with intent to in any manner hinder, molest or delay the operation of said plaintiff in its plans so designated in plaintiff's complaint." The court also fixed a time for hearing plaintiff's application for a temporary injunction and ordered that notice thereof be given defendants.

Relator's theory in seeking a writ of prohibition from this court is that the action of the Superior Court of Lake County, and the respondent judge thereof, in issuing the restraining order complained of, and in undertaking to hear plaintiff's application for a permanent injunction against defendants, as prayed for in plaintiff's complaint, amounts to interference with the enforcement of the criminal laws of the State of Indiana and therefore is not within the jurisdiction of the Lake Superior Court or the respondent judge.

This court has held that a court of equity has no jurisdiction, in any case, to enjoin criminal prosecutions or the enforcement of the criminal statutes of the state, but that it has jurisdiction to protect property rights by injunction where the petitioner has no adequate remedy at law; "and where the injunction for the protection of property rights *incidentally* involves restraining and enjoining criminal prosecutions or the enforcement of a criminal statute this fact will not destroy the jurisdiction."[1]

As said in the case of *State ex rel. Fry* v. *Superior Court, supra,* this court "will examine the complaint and the restraining order for the purpose of determining whether the subject-matter is within the jurisdiction of the court and whether the court acted within its jurisdiction." The restraining order issued by the respondent Lake Superior Court and the judge thereof, in the instant case, restrained the defendants from trespassing upon plaintiff's property "with intent to in any way or manner hinder, molest or delay the operation of said plaintiff *in its plans so designated in plaintiff's complaint.*" (Our italics.) The particular activities of plaintiff which the restraining order purports to protect from molestation by the defendant officers are

1. *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 186 N. E. 310.

those "designated in plaintiff's complaint" and from the averments of the complaint it clearly appears that the plaintiff was being threatened, or was anticipating being threatened, with molestation, by arrest of its officers, agents and employees upon criminal charges only if it should put in operation the "plans designated" in the complaint.

The facts of this case bring it within the authority of *State ex rel. Fry* v. *Superior Court of Lake County, supra.* The restraining order issued by the Lake Superior Court, as indicated by its terms, was to prevent law enforcement officers from interfering with the "operation of said plaintiff in its plans so designated in plaintiff's complaint"; and the anticipated interference would consist of arrest upon criminal charges. As already indicated, this court has held that equity has no jurisdiction to enjoin criminal prosecutions in any case and has stated that when "one seeks injunctive relief involving the enjoining of criminal prosecutions or the operation of a criminal statute, he must show that such relief is but incidental and that the basis of his action is the protection of a property right."[2]

The complaint for injunctive relief in the instant case, and the writ issued thereon, disclose that the main relief sought, and obtained by the temporary writ, was protection from threatened criminal prosecution. In *State ex rel. Feeney* v. *Superior Court,*[3] it was definitely pointed out that the Superior Court of Marion County, being a court of general equity jurisdiction, had the power to restrain the relator from confiscating or impounding motor cars which were being operated in violation of law without registration or license; but it was held that the Superior Court had exceeded its jurisdic-

2. *State ex rel. Fry* v. *Superior Court of Lake County, supra,* at p. 362.
3. *State ex rel. Feeney* v. *Superior Court* (1934), 206 Ind. 78, p. 80, 188 N. E. 486.

tion when is restrained "the making of arrests or threats of arrest, confinement in jail or city prison, prosecuting or attempting to prosecute for violation of the law."

The relator and other law enforcement officers of Lake County are under sworn duty to enforce the criminal laws of the State of Indiana and in the performance of that duty are protected by law in the exercise of their discretion. It is for them, in the first instance, to decide whether plaintiffs are violating any criminal law of the State of Indiana. This discretionary power is too vital to the interest of public order to be subjected to restraint by the courts. This power is possessed and exercised as a part of the independent co-ordinate power of the executive branch of the state government and for that reason is not subject to interference by the judicial branch of the government.

The Superior Court of Lake County has no power to judicially determine whether the proposed plan of operation of plaintiffs below constitutes a violation of the criminal law of the state and to enjoin relator, or other enforcement officers, from performing their duties as law enforcement officers pending the determination of the criminality of the plan of operation.

On behalf of respondent it is urged that the suit for injunctive relief below should be considered an action for a declaratory judgment, and that the injunctive relief should be treated as incidental to such proceeding. Granting that the Declaratory Judgment Act of Indiana is comprehensive enough to authorize suit for a declaratory judgment for the purpose of determining whether or not the proposed plan of operation would constitute a violation of the criminal law, it would not follow that the person seeking a declaration

of his rights could, under a restraining order, put the proposed plan of operation into effect while awaiting a declaration of rights. But in our opinion our declaratory judgment statute is not comprehensive enough to authorize the proceeding in question.

In view of the foregoing the temporary writ heretofore issued in this case is made permanent.