MITSCH ET AL. *v.* CITY OF HAMMOND ET AL.

[No. 29,173.   Filed March 8, 1955.   Rehearing denied
April 27, 1955.]

*Cope J. Hanley,* of Rensselaer, and *Straley Thorpe,* of Hammond, for appellants.

*Palmer C. Singleton, Jr.,* City Attorney of Hammond, *James J. Richard,* of Hammond, and *Thomas Dumas,* of Rensselaer, of counsel, for appellees.

PER CURIAM—Appellants filed their complaint against appellees in two paragraphs. By change of venue the cause was sent to the Jasper Circuit Court. Appellees' (except Edward B. Bellamy, Clerk of Hammond) demurrer to the second paragraph of the complaint, which was treated as a demurer to each paragraph, was sustained. Appellants declined to plead further, and a judgment was rendered against them from which this appeal is taken.

The demurrer admits the truth of all matters well pleaded in the complaint.

This makes it necessary that we state the substance of the well pleaded material averments of the complaint. Since the complaint is long we shall abridge this statement.

Appellants, plaintiffs, aver that they are resident taxpayers of Lake County, Indiana, and as such they support the public schools of the county, one residing in Hanover Township and the other in the City of Hammond.

That the defendant Vernon Anderson is Mayor, the defendant John F. Beckman is city attorney, and the defendant, Edward B. Bellamy is city clerk of the city of Hammond. That the action is brought against each in his representative capacity.

That on April 25, 1949, the City of Hammond by its common council and Mayor promulgated its purported ordinance No. 2820, a copy of which is attached to the complaint, and made a part thereof as Exhibit A. That since said date the Mayor and city attorney have directed the enforcement of the purported ordinance through the city police department and city court, against great numbers of persons by way of complaints, who were alleged to have violated such purported ordinance, resulting in judgments, and by this device they have collected vast sums of money which they have caused to be appropriated to the use of the City of Hammond.

It is then averred that the purported ordinance is composed of many articles, sections and subsections, which are copies of or cover and describe the same subject matter now and at all times set out, covered and described by the criminal and penal statutes of the State of Indiana. The complaint then enumerates 129 of such articles, sections and subsections.

It is averred that all the articles, sections and subsections of the purported ordinance as described and enumerated are void, and that all judgments procured by the city based upon the void ordinance, are likewise void as to the city; That under the constitution and laws of Indiana all fines and penalties assessed for breach of the penal laws of the State belong to and are a part of the "Common School Fund" of the State. That by the procedure mentioned, the city authorities have usurped the authority of the State and its officials

and thereby have diverted from the common school fund large sums of money and wrongfully appropriated the same to the use of the city, the exact amount being unknown to plaintiffs.

That before bringing the action, demand was made upon all proper authorities, including the prosecuting attorney, the attorney general, the auditor of State and treasurer of State to take action against the defendants to enjoin them from enforcing the alleged void ordinance and to procure an accounting for the monies diverted from the common school fund, but all such officers failed to comply with such demand.

Prayer for an accounting for all monies diverted from the common school funds of the State; and an injunction prohibiting defendants and each of them from further enforcement of the alleged void ordinance and all other proper relief.

The demurrer, raised two questions. 1st. The complaint does not allege facts showing an injury to plaintiffs or their property. 2nd. (a) Each of the several articles, sections and subsections of the involved ordinance is valid and agreeable with the laws of the State and not in conflict therewith. (b) The diminution of the common school fund, occasioned by the reduction of the amount of fines and forfeitures accruing to the common school fund does not injure plaintiffs, because the distribution would be made to Lake County and is only of the interest earned by the principal of the fund. We shall discuss these two propositions in the order stated:

1.  We have heretofore held that:

Where no property rights are involved a court of equity lacks jurisdiction to enjoin enforcement of a penal licensing ordinance. *City of Gary* v. *Gary Warehouse Co.* (1944), 223 Ind. 82, 57 N. E.

2d 767; *Lickey* v. *City of South Bend* (1934), 206 Ind. 636, 190 N. E. 858.

However, the cases supporting this proposition indicate that there may be rights, other than property rights, that may be protected by injunction, and suggest that an ordinance that constitutes a threat to business or civil rights might take the case out of the general rule stated. (See Anno. No. 9, 175 A. L. R., p. 455.) In this annotation, grave doubt is expressed that there was ever any substantial basis in the common law or elsewhere for the general rule noted.[1]

We know of no law prohibiting a taxpayer from bringing an action in equity to prevent the waste or misappropriation of public funds. On the contrary it has been the rule in Indiana for many years that a taxpayer has such an interest in the public funds as will enable him to maintain a suit in equity to prevent unlawful waste or appropriations thereof. *Harney* v. *The Indianapolis etc., R. R. Co. et al.* (1869), 32 Ind. 244, 247; *Zuelly* v. *Casper* (1903), 160 Ind. 455, 458, 67 N. E. 103, 63 L. R. A. 133; *State ex rel. Stuart et al.* v. *Holt et al.* (1904), 163 Ind. 198 and authorities there cited 99 N. E. 102; *Davis Construction Co.* v. *Board of Comrs. Boone Co.* (1921), 192 Ind. 144 ,147, 132 N. E. 629; *Englehart's Estate* v. *Larimer* (1936), 211 Ind. 218, 223, 5 N. E. 2d 304; *Eder* v. *Kreiter* (1907), 40 Ind. App. 542, 545, 82 N. E. 552; *City of Michigan City* v. *Marwick et al.* (1917), 67 Ind. App. 294, 300, 116 N. E. 434.

1. Some Indiana cases asserting the general rule in addition to those cited, are: *State ex rel. Fry* v. *Superior Court Lake County* (1933), 205 Ind. 355, 186 N. E. 310; *Indiana Market Assn.* v. *City of Indianapolis, et al.* (1934), 207 Ind. 356, 192 N. E. 754; *State ex rel. Egan* v. *Superior Court* (1937), 211 Ind. 303, 6 N. E. 2d 945; *State ex rel. Alcoholic Beverage Commissioner* v. *Circuit Court of Marion County et al.* (1943), 221 Ind. 572, 49 N. E. 2d 538.

Agreeeable with the many authorities cited we think the plaintiffs as resident taxpayers of the county and state, were proper parties plaintiff to test the validity of the involved ordinance.

Sec. 2, Art. 8 of the constitution of Indiana provides the source from which the Common School fund is derived. The fifth source is:

"From the fines assessed from breaches of the penal laws of the State; and from all forfeitures which may accrue;"

The Common School fund is a public fund of the state in which every taxpayer of the state has a supreme interest as is indicated by the following constitutional provisions.

Sec. 3, Art. 8 of the Indiana Constitution provides:

"The principal of the Common School fund shall remain a perpetual fund, which may be increased, but shall never be diminished; and the income thereof shall be inviolably appropriated to the support of the Common Schools, and to no other purpose whatsoever."

This act without the proviso was first enacted in 1881, R. S. 1881, Sec. 1640. The provio was added by Acts (1905), ch. 169, p. 584, §78, p. 602. Prior to the enactment of this statute the same act might be made punishable by both the statute and a municipal ordinance. *Sloan* v. *State* (1847), 8 Blackf. 361, 363. But since its enactment it has been the holding of this Court, that cities and towns are forbidden thereby from punishing by ordinance any act which is made a public offense by statute and that such an ordinance is void. *Jett* v. *City of Richmond* (1881), 78 Ind. 316; *The City of Indianapolis* v. *Huegele* (1888), 115 Ind. 581, 18 N. E. 172; *The City of Indianapolis* v. *Higgins* (1895), 141 Ind. 1, 11, 40 N. E. 671;

*Eddleman* v. *City of Brazil* (1929), 201 Ind. 84, 87, 166 N. E. 1; *City of Crawfordsville* v. *Jackson* (1930), 201 Ind. 619, 623 et seq., 170 N. E. 850.

That the ordinance follows and agrees with the statute which makes the act a criminal offense, and therefore it cannot be unlawful as suggested by appellee, is a sort of "confession and avoidance" reasoning. The confession we may accept, but such confession does not avoid the destructive effect of the condemning statute, §9-2402, Burns' 1942 Repl., *supra*. See interesting annotation in *City of Seattle* v. *Ray MacDonald* (1907), 47 Wash. 298, 17 L. R. A., N. S. 49.

Our Motor Vehicles Law among other things, provides as follows:

"The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this act unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations with respect to streets and highways under their jurisdiction, which are not in conflict with the provisions of this act. §47-1827, Burns' 1952 Repl."

Secs. 4 and 5 of the State Constitution, provide for the distribution of the Common School fund among the counties of the state and for its safe investment; and Sec. 6 provides:

"The several counties shall be held liable for the preservation of so much of said fund as may be entrusted to them, and for the payment of the annual interest thereon."

Of course counties as such are merely subdivisions of state government through which local government is administered under legislative authority. They have no property or income which they may use to discharge

the obligations provided by the constitutional provisions noted. They can discharge these obligations only by taxation. The taxpayer must carry the entire burden and he has an important interest in protecting the constitutional source from which the fund is derived as well as the honest and constitutional expenditure of the interest derived therefrom.

The second question presented, briefly stated, is:

May a city of Indiana lawfully enforce an ordinance which duplicates penal statutes of the State of Indiana?

Long ago the General Assembly attempted to answer this question, as follows:

"Whenever any act is made a public offense against the state by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be null and void, and all prosecutions for any such public offense as may be within the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the state law only: Provided, That every city and town shall have exclusive power to pass and enforce ordinances to keep the streets and other public places of any such ctiy or town free from all obstructions, and to prevent the riding or driving of any vehicle or animal on any sidewalk therein except in the necessary act of crossing. §9-2402 Burns' 1942 Repl."

The expression therein "and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this act unless expressly authorized herein." cannot be construed as repealing 9-2402, Burns' 1942 Repl. *supra*, nor as authorizing the duplication of state criminal statues by municipal ordinances. The rights of municipalities are limited by the statute §47-1827, to the adoption of

additional traffic regulations with respect to streets and highways under their jurisdiction, as more fully provided for by §47-1828, Burns' 1952 Repl.

For the reasons given it was error to sustain the demurrer to the complaint.

The judgment is reversed with instructions to overrule the demurrer and further proceedings agreeable with this opinion.

NOTE.—Reported in 125 N. E. 2d 21.

ON PETITION FOR REHEARING.

PER CURIAM.—Appellees assert in their petition for rehearing "That the decision of this Court is erroneous in holding that the Acts of 1905, ch. 169, Sec. 78, p. 584 (Burns' Anno. Stat. Vol. 4, Sec. 9-2402), prevents a municipal corporation from duplicating provisions of said Act when by the very terms of the Act of 1939, ch. 48, Sec. 28, p. 289 (Burns' Anno. Stat. Vol. 8, Pt. 2, Sec. 47-1828) local authorities have been granted the following express powers over the regulation of motor vehicles:

"Powers of local authorities.— (a) The provisions of this act shall not be deemed to prevent local authorities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:

"1. Regulating the standing or parking of vehicles.

"2. Regulating traffic by means of police officers or traffic control signals.

"3. Regulating or prohibiting processions or assemblages on the highways.

"4. Designating particular highways as one-way highways and requiring that all vehicles thereon be moved in one (1) specific direction.

"5. Regulating the speed of vehicles in public parks.

"6. Designating any highway as a through highway and requiring that all vehicles stop before

entering or crossing the same or designating any intersection as a stop intersection and requiring all vehicles to stop at one or more entrances to such intersection.

"7. Restricting the use of highways as authorized in Article XVI of this act.

"8. Regulating the operation of bicycles and requiring the registration and licensing of same, including the requirement of a registration fee.

"9. Regulating or prohibiting the turning of vehicles at intersections.

"10. Altering the prima facie speed limits as authorized herein.

"11. Adopting such other traffic regulations as are specifically authorized by this act."

We do not interpret the opinion as so holding. On the contrary, the opinion specifically recognizes and affirms the authority expressly granted to local autorities by §§47-1827 and 47-1828, Burns' 1952 Replacement, by the use of the following language:

"The rights of municipalities are limited by the statute §47-1827, to the adoption of additional traffic regulations with respect to streets and highways under their jurisdiction, as more fully provided for by §47-1828, Burns' 1952 Repl."

However, we did not intend by the use of this language to invalidate that part of Acts 1905, ch. 169, §78, p. 584, being §9-2402, Burns' 1942 Replacement, which reads as follows:

"Provided, That every city and town shall have exclusive power to pass and enforce ordinances to keep the streets and other public places of any such city or town free from all obstructions, and to prevent the riding or driving of any vehicle or animal on any sidewalk therein except in the necessary act of crossing."

A careful examination of the other questions raised by the petition for rehearing leads us to the conclusion

that they are without merit sufficient to warrant further discussion than is given them in the original opinion.

Petition for rehearing is, therefore, denied.

NOTE.—Reported in 126 N. E. 2d 247.